The decision below is signed as a decision of

the court.

Signed: March 07, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANGELA PEAKS, | ) | Case No. 07-00044 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

MEMORANDUM DECISION REGARDING
<u>MOTION TO STRIKE CASE AS VOID AB INITIO</u>

The debtor has filed a motion requesting that this case be "canceled" because the petition was filed in error by the debtor's counsel after the debtor had already commenced a case captioned as <u>In re Peaks</u>, Case No. 07-00031 (D.E. No. 3, filed January 24, 2007).[1]  Because the filing was a mistake and served no purpose at the time of its filing, the court will treat it as

---

[1] The court has previously ordered debtor's counsel to refrain from filing documents electronically because of the numerous errors that counsel has committed in attempting to file documents in this matter.  <u>In re Anamefule</u>, Case No. 05-01291, slip order at 2 (Bankr. D.D.C. Nov. 6, 2006); <u>In re Burrell</u>, Case No. 06-00160, slip order at 1-2 (Bankr. D.D.C. June 13, 2006). These errors can have serious consequences for counsel's client, particularly in light of certain changes to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8 (generally effective Oct. 17, 2005) ("BAPCPA").  <u>See</u> note 3, <u>infra</u>.

a nullity, and dismiss the case as void <u>ab</u> <u>initio</u>.  The court need not decide when, in the case of a case intentionally filed while another case is still pending, it is appropriate not to dismiss the new case,[2] and whether the BAPCPA amendments to the Bankruptcy Code in 2005 demonstrate that no such new filing should be permitted while an earlier case of the debtor is still

---

[2]  <u>See</u> <u>In re Russell</u>, 348 B.R. 441, 448 (Bankr. S.D. Tex. 2006) (holding that simultaneous cases are not allowed).  This rule, sometimes referred to as the "single estate" rule, is not codified in the Bankruptcy Code <u>per</u> <u>se</u>, but rather arises from practical considerations of estate administration and the general statutory requirement that a petition for relief under any chapter of title 11 be filed in "good faith."  <u>In re Delray Associates Ltd. P'ship</u>, 212 B.R. 511, 515 (Bankr. D. Md. 1997).  Consequently, many courts concluded prior to the enactment of BAPCPA that the propriety of simultaneous cases should be considered on a case-by-case basis.  <u>See, e.g.</u>, <u>In re Whitmore</u>, 225 B.R. 199, 202 (Bankr. D. Idaho 1998) (case filed while prior case filed by same debtor remained open would not be dismissed where cases overlapped for six days due to delay in entry of order dismissing  original case);  <u>In re Delray Associates Ltd. P'ship</u>, 212 B.R. at 515-16 (case filed while prior case filed by same debtor remained open should not be dismissed if the second case has a "legitimate purpose"); <u>Transamerica Credit Corp. v. Bullock (In re Bullock)</u>, 206 B.R. 389, 393-94 (Bankr. E.D. Va. 1997) (case filed while prior case filed by same debtor remained open should not be dismissed if "the equities of a case so dictate" and the second case will not "materially hinder the administration of the estate"); <u>Norwalk Savings Soc'y v. Peia (In re Peia)</u>, 204 B.R. 310, 313 (Bankr. D. Conn. 1996) (declining to "adopt a <u>per</u> <u>se</u> rule against successive or simultaneous filings").  Here, the second case had no legitimate purpose, as the debtor already had a petition pending that gave rise to the right of the automatic stay.

2

pending.³

    An order follows.

                                              [Signed and dated above.]

Copies to: Debtor's counsel; chapter 7 trustee; Office of U.S. Trustee.

---

    ³ It is unclear whether the reasoning set forth in the opinions cited in the preceding footnote is still valid in light of the changes to § 362 of the Bankruptcy Code wrought by the BAPCPA. Section 362(c) now provides that the automatic stay will terminate "with respect to a debt or property securing such debt or with respect to any lease" thirty days after the filing of the case if a case filed by the same debtor was dismissed within the prior year (with one exception not relevant here). 11 U.S.C. § 362(c)(3)(A). The stay will not go into effect at all if the debtor has filed two cases in the previous year. Id. at § 362(c)(4)(A)(i). Even a debtor who files a further case in good faith while her previous case is still pending would frustrate the operation of these provisions: because the pending case has not been dismissed, it would literally not count under § 362(c)(3) or § 362(c)(4) even though it is dismissed shortly after the filing of the new case. This calls into question the propriety of permitting the new case to go forward at all.

    Here, however, the filing was not trying to accomplish anything. It was just an error, and the court has the inherent authority to strike it as void ab initio because it was a mistake that added nothing beyond the effects of the case that was already pending. The court need not address whether, upon dismissing any new case filed while another case is still pending, the court may in appropriate circumstances be required not to dismiss it as a nullity.